Mathew K. Higbee, Esq., SBN 106514
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705-5418
(714) 617-8352
(714) 597-6559 Facsimile
mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
JASMANDEEP MANDER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| JASMANDEEP MANDER,<br><br>     Plaintiff,<br><br>v.<br><br>SOUTHERN OREGON ELMER'S,<br>LLC., *abn* TAPROCK NORTHWEST<br>GRILL,<br><br>     Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

 Plaintiff, JASMANDEEP MANDER, for his Complaint against Defendant, SOUTHERN OREGON ELMER'S, LLC., *abn* TAPROCK NORTHWEST GRILL, alleges as follows:

**INTRODUCTION**

 1. Jasmandeep Mander (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Southern Oregon Elmer's, LLC.

1

(hereinafter "Defendant"), with regard to the unlawful use of copyrighted images (hereinafter "Images") owned by Plaintiff, and this conduct caused Plaintiff damages.

2.    For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, affiliates, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3.    This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106.

4.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5.    This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the State of Oregon, within this judicial district, Defendant is a business entity incorporated under the laws of the State of Oregon, Defendant's acts of infringement complained of herein occurred in the State of Oregon, and Defendant has caused injury to Plaintiff in his intellectual property within the State of Oregon.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district.

## **PARTIES**

7.      Plaintiff is a natural person who resides in the City of Grants Pass in the State of Oregon and is a professional photographer by trade.

8.      Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101 and 106.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant is an Oregon Limited Liability Company that operates as a restaurant located at 971 SE 6th Street, Grants Pass, Oregon, and conducted business within City of Grants Pass, in the State of Oregon.

10.      Plaintiff is informed and believes, and thereon alleges, that Defendant Southern Oregon Elmer's LLC. operates and does business under the assumed name of Taprock Northwest Grill within the City of Grants Pass, within this judicial district.

11.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a business entity that unlawfully published Plaintiff's Images without Plaintiff's express or implied authority, by the method of a license.

//

## FACTUAL ALLEGATIONS

12.    At all times relevant, Plaintiff was an individual residing within the State of Oregon and within this judicial district.

13.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity residing in the City of Grants Pass, in the State of Oregon.

14.    Plaintiff is a professional photographer by trade. Plaintiff is regularly contracted to take photographs for individuals, businesses and organizations. He sells or licenses photography to people and companies seeking to make use of the photographs for editorials, advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

15.    Plaintiff took the original Images.

16.    The first Image, which the Plaintiff originally orally licensed to Defendant for the use on four billboards, is comprised of the Defendant's business establishment at a closer range during sunset. (Hereinafter referred to as 'Image 1'). *See* Original Image attached hereto as "Exhibit A-1".

17.    The second Image, for which the Plaintiff never gave the Defendant any authority to use, display or reproduce, is comprised of the Defendant's business establishment on a further view along with a bridge during the sunset.

4

(Hereinafter referred to as 'Image 2'). *See* Original Image attached hereto as "Exhibit A-2."

18.    Image 1 and Image 2 hereinafter will be referred to collectively as "Images."

19.    Plaintiff has ownership rights and copyrights to the Images.

20.    Plaintiff has submitted Applications with United States Copyright Office under Application Numbers 1-4918459313; and 1-4918459371 to obtain Copyright Registration Certificates and Numbers.

21.    On July 9, 2014, Defendant entered into oral negotiations with Plaintiff in order to obtain permission to use Image 1 on four billboards.

22.    Upon receipt of the sum of $200.00 in cash and one gift card in an amount of $100.00, Plaintiff orally permitted Defendant to use Image 1 only on the four aforementioned billboards.

23.    After a period of time, Plaintiff discovered that aside from the four billboards, to which the Plaintiff had originally agreed to and received compensation for, Defendant used Image 1 on as a Company Truck Wrap, on banners, post cards, and on Defendant's Facebook page for purposes of advertisement. Plaintiff further discovered that Defendant used Image 2 on it's website and as a sponsored advertisement on it's Facebook Page. Plaintiff is informed and believes that Defendant's use exceeded the scope of the oral license

that Plaintiff granted to Defendant with respect to Image 1. Additionally, Plaintiff is informed and believes Defendant had no permission or authority to use Image 2 for any purpose, as there was no agreement with respect to this Image.

24.    Upon learning of Defendant's unlicensed use of Image 1 on the postcards, Plaintiff contacted the Defendant, put them on notice of the unauthorized use and provided the Defendant with an opportunity to pay for the unauthorized use in order to resolve the matter amicably. However, Defendant did not provide a reasonable settlement offer and instead willfully continued to use Plaintiff's Image 1 beyond it's original agreed upon scope. Furthermore, even after learning of Plaintiff's disagreement with Defendant's use, Defendant willfully produced the banners, truck decal and the business website, for which the Defendant was also put on notice, but continued to use.

25.    Additionally, Defendant further used Image 2 after being put on notice that Plaintiff did not authorize it to use the image for display, reproduction or advertisement.

26.    Plaintiff is informed and believes that Defendant used Plaintiff's Image without his permission and that it reproduced, prepared derivative works, displayed, published, communicated, benefited through, posted, and otherwise held out to the public for commercial benefit, the original and unique Images of Plaintiff without Plaintiff's valid consent or authority, and acquired monetary gain

and market benefit as a result.

27.     Plaintiff is informed and believes that Defendant used the Images on Defendant's promotional post cards, banners, truck decal, and Defendant's business website from July 2014 to present. *See* Screenshots of Defendant's use attached hereto as "Exhibit B-1 to B-7."

- Exhibit B-1: Image 2 on Defendant's Website

- Exhibit B-2: Image 2 stored on Defendant's Server

- Exhibit B-3: Image 1 as Banner by Defendant

- Exhibit B-4: Image 2 as Facebook Advertisement by Defendant

- Exhibit B-5: Image 1 as Facebook Advertisement by Defendant

- Exhibit B-6: Image 1 as Defendant's Truck Wrap Decal as Advertisement

- Exhibit B-7: Image 1 as Defendant's made postcards for sale for $1

28.     Defendant used, and continues to use, Plaintiff's Images to promote its business despite Defendant's knowledge that Plaintiff's copyrights are being violated. So much so, that after being on notice of the copyright infringement, Defendant placed the Banners in front of it's business and willfully continued to

use Image 1 for advertisement. *See* Screenshots of Defendant's use of Image 1 as banners attached hereto as "Exhibit C"

29.    On information and belief, and pursuant to Plaintiff's objection to Defendant's unauthorized use, Defendant knew that it did not possess rights to the Images and that its use of the Images was in violation of Plaintiff's Copyrights.

30.    On information and belief, Defendant's use of Plaintiff's Images was deliberate and willful.

31.    Plaintiff has diligently and continuously contacted the infringer since July 2014 to resolve this matter amicably. However, Defendant has been uncooperative, and has commenced a "declaratory judgment" action against Plaintiff, requesting that Circuit Court of the State of Oregon determine that Defendant has title and claim to Plaintiff's Images in question. Plaintiff has provided Defendant numerous good faith opportunities to resolve the matter amicably in order to mitigate costs for the Defendant, this Court, and Plaintiff himself; however, Defendant showed no cooperation, interest to settle the matter, and in fact informed the Plaintiff that it will never settle this claim until it had it's successful day in court. As such, Plaintiff is forced to turn to this Court for justice.

32.    Plaintiff is informed and believes, and hereby alleges that such lawsuit, which involves purely contractual issues, is preempted by the Copyright Act. As such, Plaintiff intends to submit a Motion to Dismiss Defendant's state

Action, believing that this Court has exclusive jurisdiction to resolve the dispute between Plaintiff and Defendant.

## FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

33.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.    Defendant's said use of Plaintiff's unique and original Images—use of Images in promotional postcards, website, banners and truck decal—was never authorized, permitted or allowed by Plaintiff.

35.    Plaintiff is informed and believes and thereon alleges that Defendant reproduced, prepared derivative work, displayed and communicated Plaintiff's Images without obtaining proper permission.

36.    Plaintiff is informed and believes and thereon alleges that the Defendant deliberately and willfully infringed upon Plaintiff's copyrights in Images pursuant to Title 17 of the U.S. Code § 106—in that it reproduced, prepared derivative work, displayed, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit Plaintiff's Images without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

37.    As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b).

38.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

39.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//

//

//

//

//

//

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding maximum actual damages as the court deems just for each

  infringement pursuant to 17 U.S.C. § 504(b) from Defendant;

- Awarding costs of litigation and reasonable attorney's fees pursuant to 17

  U.S.C. § 505 from Defendant;

- Enjoining the Defendant from further infringement of all copyrighted works

  of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: August 21, 2017                    Respectfully submitted,

                                          **/s/ Mathew K. Higbee**
                                          Mathew K. Higbee, Esq.
                                          OR Bar No. 106514
                                          HIGBEE & ASSOCIATES
                                          1504 Brookhollow Dr., Ste 112
                                          Santa Ana, CA 92705-5418
                                          (714) 617-8352
                                          (714) 597-6559 Facsimile
                                          *Attorney for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, JASMANDEEP MANDER, hereby demands a trial by jury in the above matter.


Dated: August 21, 2017                     Respectfully submitted,

                                           **/s/ Mathew K. Higbee**
                                           Mathew K. Higbee, Esq.
                                           OR Bar No. 106514
                                           HIGBEE & ASSOCIATES
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
                                           (714) 617-8352
                                           (714) 597-6559 Facsimile
                                           *Attorney for Plaintiff*